36361-56

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHRISTEN WESLEY, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  3:25-cv-1713 |
| | ) | |
| SAM'S WEST, INC. d/b/a SAM'S CLUB, | ) | [Removed from the Circuit Court for |
| WANDA KOONCE, an Individual, | ) | the Twentieth Judicial Circuit, St. Clair |
| and DAVID HEATON, an INDIVIDUAL | ) | County, Illinois, Law No. 2025-LA-745] |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants, SAM'S WEST INC., WANDA KOONCE and DAVID HEATON, pursuant to 28 U.S.C.

§§1332(a), 1441, and 1446, hereby remove this action to the United States District Court for the

Southern District of Illinois.  In support of this Notice, Defendants state as follows:

1.      On July 22, 2025, Plaintiff filed his Complaint against Defendants Sam's West, Inc.

d/b/a Sam's Club, Wanda Koonce, and David Heaton in the Circuit Court of St. Clair County, Illinois,

seeking damages for personal injuries arising out of a slip-and-fall incident occurring at a Sam's

Club store in O'Fallon, Illinois on April 26, 2024.  *See* **Exhibit A**.

2.      On August 4, 2025, the undersigned counsel agreed to accept service on behalf of

Defendant Sam's West, Inc.

3.      On August 5, 2025, the undersigned counsel agreed to accept service on behalf of

Defendants Wanda Koonce and David Heaton.

**Subject Matter Jurisdiction**

4.      This Court possesses subject matter jurisdiction over this action because the matter

presents a dispute between citizens of different states, and the amount in controversy is greater

Page 1 of 7

than $75,000.00. *See,* 28 U.S.C. §1332(a). In Illinois, state law prohibits a demand for a specific sum. *See,* 28 U.S.C. §1446(c)(2)(A)(ii).

5. Complete diversity of citizenship exists between the parties.

(a) Plaintiff, CHRISTEN WESLEY, is a citizen of Louisiana.

(b) Defendant SAM'S WEST, INC., is an Arkansas corporation with its principal place of business in Bentonville, Arkansas. *See* **Exhibit B**. Sam's West, Inc. is therefore a citizen of Arkansas.

(c) Defendants Koonce and Heaton are citizens of the State of Illinois, but their joinder here does not prevent removal under 28 U.S.C. § 1441(b)(2), because they have been fraudulently joined to this action. Plaintiff alleges that Koonce and Heaton were employed as managers by Sam's at the time relevant to Plaintiff's Complaint, (**Exhibit A**, Counts II and III), but are not alleged to have committed any conduct giving rise to a claim that Koonce or Heaton were an "active tortfeasor," as required to state a claim against them under Illinois law. *See e.g,* *Brady v. Menard, Inc.,* 2017 WL 201375, at *2 (N.D. Ill. Jan. 18, 2017) ("Some allegations, such as the failure to maintain the premises in a reasonably safe condition or the failure to provide adequate rules or protocols, clearly could not generate liability for individual employees."); *Roh v. Starbucks Corp.,* 2015 WL 232374, *1 (N.D. Ill. Jan. 14, 2015) (general manager did not have a duty simply because she was allegedly "responsible for overseeing the safety, maintenance, and operations of the area"); *Hoidas v. Wal-Mart Stores, Inc.,* 2010 WL 1790864, *1-2 (N.D. Ill. April 30, 2010) ("formulaic recitation" that Walmart store manager owed

36361-56

a duty "to exercise a reasonable degree of care in caution in the inspection of their premises" was not sufficient to meet pleading standard set forth in *Twombly*). Additionally, they are not alleged to have exercised exclusive control over the premises. *O'Connell v. Turner Const. Co.*, 409 Ill. App. 3d 819, 823-826 (1st Dist. 2011). Koonce and Heaton's citizenship should therefore be disregarded by the Court for purposes of invoking diversity jurisdiction.[1]

(d)      Because the Plaintiff is a citizen of a different state than the material Defendant, Sam's West, Inc., the parties meet the geographical requirements for diversity jurisdiction in this Court. *See,* 28 U.S.C. §1332(a).

6.      Based on the nature of the alleged injury Plaintiff will seek an amount in excess of $75,000.00; thus this Court possesses subject matter jurisdiction over this action. *See,* 28 U.S.C. §1332(a).

7.      This action involves a claim for personal injuries and damages in excess of $50,000. *See* **Exhibit A.**  The Complaint alleges that the Plaintiff has suffered:

> serious and significant injuries to various body parts, including, but not limited to his back, neck, head, right and left legs and other body parts; . . . was forced to and did hire the services of hospitals and physicians in curing himself, and in the future will be required to hire the services of hospitals and physicians in curing himself; . . . has become obligated for medical and hospital bills, and in the future will be required to incur and become obligated for medical and hospital bills; . . . has sustained great pain and mental anguish and will in the future suffer great pain and mental anguish; . . . sustained disability and/or loss of a normal life as well as missing numerous working days and opportunities in the future and will miss numerous working days and opportunities; . . . has suffered permanent injuries to his various body parts, including but not limited to his back, neck, head, right and left legs, and other body parts, and other internal organs and body parts as well as

---

[1] Defendants refer and incorporate all arguments set forth in Defendants Wanda Koonce and David Heaton's Motion to Dismiss, filed contemporaneously herewith.

36361-56

incurring a permanent disability, and loss of a normal life and emotional injuries and future lost wages, all to his permanent detriment . . .

See **Exhibit A** at Count I, ¶ 10.

8.      The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000.  *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006); *see also Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are *no* numbers in the [complaint] at all").

9.      This Court may consider all facts relevant to the amount in controversy in this case at the time of this Notice of Removal.  See *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).  If the plaintiff, as "the master of the complaint," provides little information about the value of the claims alleged, a good-faith estimate of the stakes is acceptable if it is plausible. *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006).  In fact, "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

10.     A good faith assessment of the Complaint here reveals that the amount in controversy exceeds $75,000.00.  *See, e.g., Vance v. Hill,* 2019 WL 1083770, at *2 (C.D. Ill. March 7,

36361-56

2019) (jurisdictional amount was satisfied where the plaintiff alleged severe and permanent injuries and associated medical costs arising from a traffic accident).

11.     Additionally, Plaintiff is claiming in excess of $75,000 in medical bills relating to his alleged injuries.

12.     The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the Plaintiff is the citizen of a state different from that of Defendant Sam's West, Inc.

### Timeliness of Removal

13.     Defendants file this Notice within thirty (30) days of service of the Complaint. Accordingly, this Notice of Removal is timely brought before this Court.  *See,* 28 U.S.C. §1446(b).

### Venue and Other Matters

14.     Because this action was originally filed in the Circuit Court of St. Clair County, Illinois, the action is properly removable to the United States District Court for the Southern District of Illinois.  *See,* 28 U.S.C. §1441(a); 28 U.S.C. §92(a)(1).

15.     A copy of this Notice of Removal is being contemporaneously filed with the Circuit Court of St. Clair County, instructing that no further proceedings shall be had until such time as this matter is remanded from this Court.

16.     A true and correct copy of the pleading which demonstrates that this matter is removable is attached hereto as **Exhibit A**.  *See,* 28 U.S.C. §1446(b).

WHEREFORE, Defendants SAM'S WEST INC., WANDA KOONCE, and DAVID HEATON request that this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the Circuit Court of St. Clair County regarding the action be stayed.

36361-56

Defendants further demand that the trial of this matter in federal court be heard by a jury.

SAM'S WEST, INC., d/b/a SAM'S CLUB, WANDA KOONCE,
and DAVID HEATON, Defendants

/s/ *Brittany P. Warren*

BY:_____

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Brittany P. Warren, #6325934
Jessica Zhu, #6347251


HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025-0467
Telephone  618.656.4646
PRIMARY E-SERVICE - edwecf@heylroyster.com
SECONDARY E-SERVICE - bwarren@heylroyster.com
SECONDAY E-SERVICE #2 - jzhu@heylroyster.com

36361-56

## CERTIFICATE OF SERVICE

I hereby certify that on **September 3, 2025**, the foregoing **Defendants' Notice of Removal** was electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that counsel for Plaintiff was served with copies of this Notice of Removal via email to the following:

Steven E. Katzman – steve@katzmanlaw.net
KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, IL 62220
**Attorney for Plaintiff**

/s/ Brittany P. Warren
_____

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025-0467
Telephone  618.656.4646
PRIMARY E-SERVICE - edwecf@heylroyster.com
SECONDARY E-SERVICE - bwarren@heylroyster.com
SECONDAY E-SERVICE #2 - jzhu@heylroyster.com