UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTEN WESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  3:25-cv-01713-GCS |
| | ) | |
| SAM'S WEST, INC., d/b/a SAM'S CLUB | ) | |
| and WANDA KOONCE and DAVID | ) | |
| HEATON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Pending before the Court is Plaintiff's motion to remand. (Doc. 19). The Court **GRANTS** the motion to remand and remands this case to the Circuit Court of St. Clair County, Illinois, finding no Defendants were fraudulently joined, and this Court lacks subject matter jurisdiction as a result. Plaintiff's request for attorney's fees and costs is **DENIED**, and all other pending motions are denied as **MOOT**.

Plaintiff Christen Wesley alleges on April 26, 2024, he suffered a slip-and-fall incident in the loading dock area of Sam's Club No. 8285, located in O'Fallon, Illinois.

Plaintiff claims he was completing a delivery in the loading dock area when standing water, debris, and algae near and around the area caused him to fall. As a result, Plaintiff allegedly sustained serious injuries to "his back, neck, head, right and left legs and other body parts," resulting in medical bills, pain, and permanent disability. (Doc. 1). Following said incident, Plaintiff brought claims for personal injuries against Defendants Sam's West, Inc., as well as store managers Wanda Koonce and David Heaton, in the Circuit Court of St. Clair County, Illinois. (Doc. 1-2).

On September 3, 2025, Defendants removed the case to this Court, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 1). Additionally, Defendants Koonce and Heaton filed a motion to dismiss as to the claims against them based on the doctrine of fraudulent joinder. (Doc. 4). However, Plaintiff challenges Defendants' removal and has moved for remand to Illinois state court.

Plaintiff argues this case should be remanded because complete diversity between the parties does not exist, as both Plaintiff and Defendants Koonce and Heaton are Illinois citizens. Defendants, in turn, claim Koonce and Heaton were fraudulently joined by Plaintiff to destroy diversity jurisdiction, and Plaintiff cannot reasonably expect to prevail on his claims against either Koonce or Heaton. Defendants further argue both Koonce and Heaton should be dismissed from proceedings, and Plaintiff's motion for remand should be denied. For the following reasons, the Court **GRANTS** Plaintiff's motion to remand.

## LEGAL STANDARDS

Removal to federal court is governed by 28 U.S.C. § 1441, which allows a defendant to relocate an action "from state court to the federal district court located in the place where such action is pending, as long as the federal district court had 'original jurisdiction' over the case." *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 968 (7th Cir. 2013) (quoting 28 U.S.C. § 1441(a)). For a federal district court to have original subject matter jurisdiction over an action, there must be complete diversity between the parties. *See Salah v. Wal-Mart Stores, Inc.*, Case No. 3:16-CV-01163-NJR-SCW, 2017 WL 131581, at *2 (S.D. Ill. Jan. 13, 2017); *see also B.W.E. & T.M.E., Inc. v. OptumRX, Inc.*, Case No. 22-cv-2152-DWD, 2023 WL 195826, at *3 (S.D. Ill. Jan. 17, 2023). Complete diversity dictates that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Dickson v. Wal-Mart Stores, Inc.*, No. 09-CV-408-WDS, 2009 WL 10726769, at *2 (S.D. Ill. Sept. 23, 2009) (citing *Howell by Goerdt v. Tribute Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997)); *see also Feeley v. Bayer Corporation*, Case No. 18-cv-2090-NJR-GCS, 2019 WL 4261545, at *2 (S.D. Ill. Sept. 9, 2019). The action must also implicate an amount in controversy greater than $75,000, interest and costs notwithstanding. *Id.*

When asserting the existence of subject matter jurisdiction in federal district court, the burden of proof lies on the party seeking removal. *See Salah*, 2017 WL 131581, at *2; *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v.*

*Bristol-Myers Squibb Co.*, Civil No. 12-60-GPM, 2012 WL 1268143, at *1 (S.D. Ill. April 13, 2012). The removal statute, 28 U.S.C. § 1441, is construed narrowly, with "a strong presumption in favor of remand." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Because federal courts are courts of limited jurisdiction, courts should "presume that the plaintiff may choose his or her forum." *Id.*

Removal takes place only when the party seeking removal can prove subject matter jurisdiction exists. *See Feeley*, 2019 WL 4261545, at *2. As a result, doubts concerning removal must be resolved in favor of remanding to the state court. *See B.W.E. & T.M.E., Inc.*, 2023 WL 195826, at *3 (*citing Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). 28 U.S.C. § 1447(c) requires that actions in which the federal district court lacks subject matter jurisdiction must be remanded to state court. *See Collier v. SP Plus Corporation*, 889 F.3d 894, 896 (7th Cir. 2018).

**DISCUSSION**

**A.  Jurisdiction under 28 U.S.C. § 1441**

Plaintiff brings only state-law negligence claims in the complaint. Therefore, no federal question jurisdiction is alleged under 28 U.S.C. § 1331, and the only basis for removal is complete diversity between the parties pursuant to 28 U.S.C. § 1332.

Defendants argue removal to federal court was nonetheless proper because diversity exists between the material Defendant, Sam's West, Inc., a citizen of Arkansas, and Plaintiff, a citizen of Illinois. Defendants claim the joinder of Defendants Koonce and

Heaton does not preclude removal of the case to federal court because both were fraudulently joined to the action. As a result, Defendants argue both Koonce and Heaton should be dismissed from this case and their citizenship disregarded. Plaintiff counters federal jurisdiction is not proper because complete diversity does not exist. Plaintiff is a citizen of the state of Illinois; so are Defendants Koonce and Heaton. Plaintiff further asserts Defendants Koonce and Keaton were not fraudulently joined because there is a reasonable possibility a state court could rule against them under Illinois state law. Therefore, to determine if the Court has subject matter jurisdiction, the Court must first determine whether Defendants Koonce and Keaton were fraudulently joined.

**B.      Improper Joinder**

Defendants claim the doctrine of fraudulent joinder applies in this case.[1] The doctrine prohibits a plaintiff from joining "an in-state defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). "To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718

---

[1]      The Supreme Court recently noted the following about fraudulent joinder and improper joinder: "[i]mproper joinder is also often referred to as 'fraudulent joinder.'" Because there are no allegations of fraud by the Palmquists in this case, the Court uses the term "improper joinder." *Hain Celestial Grp., Inc. v. Palmquist*, No. 24-724, 2026 WL 501733, at *4 (U.S. Feb. 24, 2026). The same applies in this case as there are no allegations of fraud by Plaintiff. Thus, this Court will utilize the term "improper joinder."

F.3d 660, 666 (7th Cir. 2013) (emphasis in original). The burden is therefore on the defendant: if the defendant cannot satisfy the "heavy burden" of proving that the plaintiff's cause of action has "no chance of success" with respect to any non-diverse defendants in the proceeding, then the case cannot remain in federal court. *Poulos v. Maas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *see also Feeley*, 2019 WL 4261545, at *3.

To conduct this analysis, this Court must find whether the Plaintiff "has any reasonable possibility of success," against Defendants Koonce and Heaton. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). This determination is made by referencing state law on the claims made. Here, Illinois state law on negligence is pertinent, and both parties agree Illinois law allows store employees to be held liable for their workplace negligence if they operated as an "active tort-feasor [who] committed the act which caused the injury." *Fountain v. J.C. Penny Corp., Inc.*, No. 06-cv-680-DRH, 2007 WL 1308813, at *3 (S.D. Ill. May 3, 2007), *vacated on other grounds*, 2008 WL 282200, at *2 (S.D. Ill. Jan. 31, 2008). Defendants argue Plaintiff failed to show facts sufficient to prove Defendants Koonce and Heaton were "active tortfeasors" for purposes of the alleged injury under Illinois law. *See Fountain*, 2007 WL 1308813, at *3.

Defendants claim Koonce and Heaton lacked this active role in Plaintiff's allegations because they served only managerial functions with respect to the alleged injury. Because of their limited role, the claims against Koonce and Heaton have no chance of success under Illinois law. Defendant analogizes the present case to *Hoidas v.*

*Wal-Mart Stores, Inc.*, No. 09 C 7409, 2010 WL 1790864, at *1 (N.D. Ill. April 30, 2010). In

*Hoidas*, the court held a plaintiff could not possibly prevail against a manager in a

negligence claim similar to this one when no other duty was owed from the manager to

the plaintiff. The court found the defendant store manager had not served as an active

tortfeasor, and plaintiff's "formulaic recitation" of Illinois tort law was insufficient to

consider claims against the store manager under Illinois law. 2010 WL 1790864, at *1.

   *Hoidas*, however, is not entirely analogous. Both *Hoidas* and the present case

involve a plaintiff suing a store and its managers. Plaintiff, however, notes in his motion

to remand that "[m]anagers of Sam's Club drive around the club, including the parking

lot and the area of Plaintiff's alleged fall every morning to look for trash, displaced objects,

and report any sightings to the cart associate on duty each morning." (Doc. 19, ¶11). This

factual background is more analogous to *Lambert v. Wal-Mart Stores, Inc.*, Case No. 14-cv-

1124-DRH-SCW, 2015 WL 264817 (S.D. Ill. Jan. 20, 2015). In *Lambert*, a defendant served

as a store manager, and the defendant's subordinate allegedly had knowledge of the

hazard before the injury occurred. *Id.* at *2-3. Plaintiff alleges Defendants Koonce and

Heaton "negligently and carelessly failed to inspect, supervise, examine, and notify the

appropriate persons," of hazards in the Sam's Club parking lot, which resulted in

Plaintiff's injury. Such an allegation is more concrete than the mere "formulaic recitation"

in *Hoidas*.

Given the alleged facts above, and the heavy burden to which Defendants are held when bringing improper joinder claims, the Court finds Defendants have failed to prove Plaintiff's claims against Defendants Koonce and Heaton have "no chance of success." *Poulos*, 959 F.2d at 73. Defendants Koonce and Heaton were therefore not fraudulently joined. Their continued presence in this case results in a lack of complete diversity between the parties, and therefore a lack of federal jurisdiction under 28 U.S.C. § 1441.

## C.   Forum Defendant Rule

One sentence in Plaintiff's motion to remand requires further analysis. Section III of the motion asserts "the parties in this case are a Louisiana Plaintiff, an Arkansas Defendant, and two Illinois Defendants." (Doc. 19). Elsewhere in Plaintiff's motion, and throughout Defendants' memorandum in opposition to Plaintiff's motion to remand, however, all parties refer to Plaintiff as a citizen of Illinois. Thus, the ramifications of Plaintiff being a Louisiana citizen must be addressed for sake of thoroughness.

If Plaintiff is a Louisiana citizen, Defendant Sam's Club is an Arkansas citizen, and Defendants Koonce and Heaton are Illinois citizens, then complete diversity exists between the parties. However, diversity would not enable the Defendants to remove these proceedings to federal court due to the forum defendant rule. Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is

brought." 28 U.S.C. § 1441(b)(2). The reasoning for this limitation is as follows: when a defendant is a citizen of the forum state, "the primary rationale for diversity jurisdiction—to protect defendants against presumed bias of local courts—is not a concern." *Morris*, 718 F.3d at 665. The forum defendant rule ensures in-state defendants cannot avoid state court, as the risk of local bias is not a concern when the defendants themselves are local.

Therefore, if Plaintiff is indeed a Louisiana citizen, and the litigants are diverse under 28 U.S.C. § 1332, then removal to this Court is nonetheless improper. As discussed above, Defendants Koonce and Heaton were not fraudulently joined. Therefore, their local status precludes removal under the forum defendant rule, and Defendants may not remove this case to federal court.

### D.    Attorney Fees

The Court has the authority to award Plaintiff attorney fees pursuant to 28 U.S.C. § 1447(c) for prevailing on the Motion to Remand. The Supreme Court found a plaintiff is only entitled to recover attorney fees and costs under 28 U.S.C. § 1447(c) if the defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Therefore, "[i]f clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorney's fees." *Dickson*, 2009 WL 10726769, at *3, (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007)).

Defendants did not have their basis for removal foreclosed in this case. Because Defendants Koonce and Heaton cannot be liable for Plaintiff's injuries as agents unless they each served as an "active tortfeasor", Defendants had a colorable argument regarding fraudulent joinder. *See Dickson*, 2009 WL 10726769, at *3. Therefore, because Defendants did not lack "an objectively reasonable basis for seeking removal," Plaintiff's request for attorney's fees and costs is **DENIED**. *Martin*, 546 U.S. at 140.

### CONCLUSION

Accordingly, the Court **GRANTS** the motion to remand. (Doc. 19). Because this Court lacks subject matter jurisdiction, the Court, pursuant to 28 U.S.C. § 1447(c), **REMANDS** this matter to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. Further, the Court **DENIES as moot** Defendants' motion to dismiss. (Doc. 4). No fees or costs are awarded. The Clerk of the Court shall close the case.

**IT IS SO ORDERED**.

**DATED:  March 18, 2026.**

Digitally signed by Judge Sison
Date: 2026.03.18 16:16:36 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**